IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

TINA HULETT,                               )
                                           )
          Plaintiff,                       )
                                           )
vs.                                        )   Case No.: CIV-12-714-F
                                           )
AMERICAN GENERAL LIFE                      )
INSURANCE COMPANY,                         )
                                           )
          Defendant.                       )

## PETITION

COMES NOW the Plaintiff Tina Hulett for her cause of action against the Defendant American General Life Insurance Company and states as follows:

### JURISDICTION, VENUE AND PARTIES

1. Plaintiff is an individual, who is a resident of Mountain View, Kiowa County, Oklahoma.

2. Defendant is a Texas corporation with its principal place of business in Houston, Texas.

3. The venue is correct in the United States District Court for the Western District of Oklahoma and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties have diverse citizenship and the amount in controversy exceeds $75,000.00.

### FACTUAL BACKGROUND

4. Defendant entered into a contract for life insurance with Plaintiff on or about October 28, 2008, with the policy number YM00648146.

1

5. At the time of the contract, Plaintiff's name was Tina Taylor.

6. The insurance contract between the parties listed Plaintiff's mother, Anita Mae Stephenson, as the primary insured and listed Plaintiff as the primary beneficiary and owner of the policy.

7. Anita Mae Stephenson deceased on or about March 31, 2010; Plaintiff subsequently made a claim for benefits pursuant to the life insurance contract.

8. On or about June 25, 2010, Defendant denied Plaintiff's claim for benefits under the contract because it claimed Ms. Stephenson failed to provide adequate answers to questions contained in the policy application.

9. Ms. Stephenson had in fact adequately provided prior health information to Defendant.

10. Defendant's denial of Plaintiff's claim was unreasonable and done in bad faith.

## General Allegations

11. Defendant, either individually or through its agents and employees, represented to Plaintiff that it would conduct itself in accordance with Oklahoma law and would fully and fairly investigate and pay the claims owed under the policy. Plaintiff relied on these representations.

12. Defendant unreasonably denied payment of Plaintiff's life insurance claim resulting in damage to Plaintiff.

13. Although Plaintiff has met all conditions precedent for payment of this claim, Defendant has failed to pay amounts due and owing, resulting in damage to Plaintiff.

## First Cause of Action
## Breach of Contract

14. Paragraphs 1 through 13 are adopted as if more fully set forth herein.

15. Defendant arbitrarily and capriciously breached the policy of insurance issued to Plaintiff by failing to pay benefits due under the terms of the policy.

16. As a proximate result of Defendant's breach of contract, Plaintiff has suffered damages and other losses in the form of policy benefits, financial losses, financial hardship, emotional damages, attorney expenses, and other incidental damages, exclusive of interests and costs.

## Second Cause of Action
## Bad Faith

17. Paragraphs 1 through 16 are adopted as if more fully set forth herein.

18. In its handling of Plaintiff's claims, and as a matter of standard business practice in handling like claims under these policies, the Defendant breached its duty to deal fairly and act in good faith towards the Plaintiff by:

   a. Failing to make payment and/or other policy benefits on behalf of Plaintiff at a time when Defendant knew that Plaintiff was entitled to those benefits;

    b. Withholding payment of the benefits owed on Plaintiff's claim even though Defendant knew Plaintiff's claim for these benefits was valid;

    c. Not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims once liability under the policy should have been reasonably clear;

    d. Forcing Plaintiff, pursuant to its standard claims practice, to file litigation to obtain policy benefits it knew, or should have known, were due and owing;

    e. Intentionally breaching its fiduciary duty owed to Plaintiff by failing to provide the protection for which Plaintiff paid premiums;

all in violation of the covenant of good faith and fair dealing and resulting in a financial benefit to Defendant.

19. As a proximate result of the Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of the policy benefits, financial hardship, emotional damages, attorney expenses and other incidental damages, exclusive of interest and costs.

20. Defendant has acted intentionally and with malice towards Plaintiff or has been guilty of reckless disregard for the rights of Plaintiff, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant in an amount in excess of $75,000.00 for breach of the insurance contract and an additional amount in excess of $75,000.00 actual and punitive damages against Defendant for breach of the

duty of good faith and fair dealing, with interest and costs of this action, a reasonable attorney fee, and for such other relief as may be appropriate.

RESPECTFULLY SUBMITTED,

WEST & ASSOCIATES

/s/ William A. Gosney
William A. Gosney, OBA#:  22573
Robert N. Ylla, Jr., OBA #17730
1500 S.W. 104th Street, Suite 102
Oklahoma City, OK 73159
405/ 378-8132         Phone
405/378-0711           Fax
wgosney@westandassociates.net
ryalla@westandassociates.net
*Attorneys for Plaintiff*

ATTORNEY LIEN CLAIMED
JURY TRIAL DEMANDED